IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSUE ARON TORRES LAINEZ,

    Plaintiff,

v.                                            Civil Action No. 3:25cv1012

JEFFREY CRAWFORD, *et al.*,

    Defendants.

### MEMORANDUM OPINION

The Court received this civil rights action pursuant to *Bivens*.[1] ("Complaint," ECF No. 1.) The Complaint was filed on Plaintiff's behalf, by his brother, Ever Aron Torres Lainez ("Mr. Torres Lainez"). (ECF No. 1, at 1.) Plaintiff is a federal detainee. The Complaint was not accompanied by the $405 filing fee or an application to proceed *in forma pauperis* signed by Plaintiff.

As a preliminary matter, it does not appear that Mr. Torres Lainez is an attorney, and therefore, he may not litigate this matter for Plaintiff. Parties may plead and conduct their own cases personally or by counsel in all courts of the United States. *See* 28 U.S.C. § 1654. Individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341–42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006). Accordingly, the Court can not recognize any

---

[1] Plaintiff is a federal detainee, the named Defendants are federal actors, and he raises federal constitutional issues, therefore, the matter would be construed as brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

filings made by Mr. Torres Lainez on behalf of his brother. Further, it is unclear whether Plaintiff even authorized his brother to submit this action.[2] For these reasons, the action will be DISMISSED WITHOUT PREJUDICE.

Nevertheless, the Court has reviewed the Complaint and notes that under the section for "Relief," Mr. Torres Lainez asks the Court to "consider releasing [Plaintiff] from custody, as his detention appears to be without lawful basis." (ECF No. 1, at 5.) Therefore, because it appears that Plaintiff may seek release from custody, the Court will send Plaintiff the standardized form for filing a 28 U.S.C. § 2241 petition to Plaintiff's address at the Farmville Detention Center.[3] If Plaintiff wishes to pursue a § 2241 petition, he should complete and return the form to the Court. Plaintiff must sign the form himself. If Plaintiff returns the § 2241 petition form, the Court will open the petition as a new civil action.

An appropriate Order will accompany this Memorandum Opinion.

Date: 12/22/2025
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

---

[2] In addition, it is doubtful that jurisdiction exists for any claim for relief under *Bivens* in this context. *See Goldey v. Fields*, 606 U.S. 942 (2025); *Mays v. Smith*, 70 F.4th 198, 204–05 (4th Cir. 2023) (refusing to extend *Bivens* remedy beyond three very specific contexts permitted by the Supreme Court).

[3] "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a *Bivens* complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Given the content of this document, it is appropriate to give Plaintiff the opportunity to pursue this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008)).